IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | No. 15 cv 9358 |
| ) | |
| MAXIM CONSTRUCTION ) | |
| CORPORATION, INC. the CITY OF ) | |
| CRYSTAL LAKE, ENVIROGEN ) | |
| TECHNOLOGIES, INC. and the LAKE ) | |
| COUNTY PUBLIC WATER DISTRICT ) | |
| ) | |
| *Defendants* ) | |

**CRYSTAL LAKE'S MOTION TO VACATE
ORDER OF DEFAULT AND FOR LEAVE TO FILE
AN ANSWER TO PLAINTIFF'S COMPLAINT**

The City of Crystal Lake moves this Court pursuant to Fed.R.Civ.P. 55(c) for an order vacating the entry of a default and granting the City leave to file its answer to Plaintiff's complaint instanter. In support hereof, the City states as follows:

1. The City was served with a summons in this action on November 5, 2015. After the City failed to appear or answer, the Court entered an order of default on February 22, 2016. Docket No. 25.

2. The Complaint in this action seeks a declaratory judgment relating to an insurance policy issued by plaintiff to the defendant Maxim Construction Corporation, Inc. The Complaint does not seek any relief directly from the City. Instead, the City and co-defendants Envirogen Technologies, Inc. and the Lake County Public Water District are named parties because the plaintiff believes they may have claims against Maxim which Maxim may contend are covered by the Plaintiff's policy of insurance.

3. The City failed to forward the complaint to counsel or answer because it appeared the City was named only as a descriptive or nominal party, not a party against whom the Plaintiff sought relief. When Maxim filed its appearance and answer, the City determined that a judgment may affect its rights to recover against the plaintiff, either indirectly through a judgment against Maxim or through an assignment of rights. Thus, the City determined that it should answer the complaint and participate in this matter.

4. A default order may be vacated by this Court pursuant to Fed.R.Civ.P 55(c) for good cause. Here, the City seeks to vacate the default less than one month after its entry. *Cf., Allen Russell Pub., Inc. v. Levy*, 109 F.R.D. 315, 316 (N.D.Ill. 1985) (seeking to vacate default nine weeks after entry was "sufficiently quick"). Moreover, there is no prejudice to the Plaintiff if the default is vacated. Maxim has already entered an appearance and contends that the policy of insurance should provide for indemnification and defense of Maxim against the claims of the City. However, allowing a default against the City to stand may lead to inconsistent results: if Maxim establishes that the policy covers the claims at issue, the default could be used by the plaintiff to circumvent that liability in the event the City prevails on its claims against Maxim.

5. The Court is vested wide discretion when asked to vacate a default. The exercise of that discretion is based upon whether the moving party has demonstrated excusable neglect, promptly sought to vacate the order, and has a meritious defense to the claims. A defense is meritorious when the allegations of the defendant's answer, if proven at trial, would provide a complete defense to the plaintiff's claims. *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d. Cir. 1984). The City's draft answer, attached at Exhibit A, alleges the policy of insurance should cover the claims brought by the City against Maxim. If proven, this would defeat the plaintiff's claim for a declaratory judgment that coverage does not exist.

WHEREFORE, Defendant the City of Crystal Lake, requests that this Court enter an order vacating the default entered against it and granting leave to the City to file its answer to the Complaint, together with any other further relief the Court deems just and proper.

Respectfully submitted,

**DEFENDANT CITY OF CRYSTAL LAKE**

By: /s/ Christopher J. Murdoch
One of its attorneys

Mark E. Burkland
Christopher J. Murdoch
HOLLAND & KNIGHT LLP
131 S. Dearborn Street, 30th Floor
Chicago, Illinois 60603
Tel: (312) 263-3600
Fax: (312) 578-6666

4

## CERTIFICATE OF SERVICE

The undersigned certifies that on **March 14, 2016**, he caused the foregoing **Crystal Lake's Motion to Vacate Order of Default and For Leave to File an Answer to Plaintiff's Complaint** to be electronically filed with the Clerk of the United States District for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon counsel of record.

/s/     Christopher J. Murdoch

#39791930_v1