IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY ) | |
|                                         *Plaintiff*, ) | |
| ) | |
| -vs- ) | |
| ) | |
| MAXIM CONSTRUCTION CORPORATION, INC., ) | No. 15 cv 9358 |
| the CITY OF CRYSTAL LAKE, ENVIROGEN ) | |
| TECHNOLOGIES, INC., and the LAKE COUNTY ) | |
| PUBLIC WATER DISTRICT ) | |
| ) | |
|                                         *Defendants*. ) | |

## JOINT INITIAL STATUS REPORT

The undersigned parties, through their attorneys, present the following Joint Initial Status Report. The only parties who have not signed this report are defendants Envirogen and the Lake County Public Water District, which are underlying plaintiffs in the lawsuits at issue here. These defendants have been served, but have not yet appeared. Both Envirogen and the Lake County Public Water District have been in communication with counsel for Westfield and have expressed an interest in entering stipulations to be bound by the Court's judgment and being dismissed from this declaratory judgment action and both are reviewing draft stipulations at this juncture.

The parties with appearances on file include:

**Plaintiff, Westfield Insurance Company**
By attorneys:
David S. Osborne (lead counsel)
Christopher J. Pickett (trial counsel)
Avery K. Gordon
Alex P. Blair
Lindsay, Rappaport & Postel, LLC
10 S. LaSalle Street, Suite 1301
Chicago IL 60603
312-629-0208
dosborne@lrplawfirm.com

cpickett@lrplawfirm.com
agordon@lrplawfirm.com
ablair@lrplawfirm.com

**Defendant, Maxim Construction Corporation, Inc.**
By attorneys:
Keith G. Carlson (lead & trial counsel)
Carlson Law Offices
2 N. LaSalle Street, Suite 1800
Chicago, IL 60602
312-627-1212
keith@carlson-law-offices.com

**Defendant, City of Crystal Lake**
By attorneys:
Christopher J. Murdoch (lead & trial counsel)
Holland & Knight, LLP
131 S Dearborn Street Suite 3000
Chicago, IL 60603
312-627-1212
chris.murdoch@hklaw.com

1. **Nature of claims and counterclaims:**

   This is an action seeking a declaratory judgment with respect to the parties' respective rights and obligations under a commercial general liability insurance policy.

2. **Relief sought by plaintiff:**

   Westfield seeks a declaration that it does not owe a duty to defend or indemnify its named insured, Maxim Construction, Inc., with respect to separate actions filed by the City of Crystal Lake and Envirogen in connection with Maxim's construction and installation of an allegedly defective water treatment system. Westfield also seeks a declaration that it does not owe a duty to defend or indemnify Maxim with respect to a third action filed by the Lake County Public Water District in connection with Maxim's construction and installation of an allegedly defective water clarifier.

3. **Names of parties not served:**

2

All defendants have been served.

4. **Principal legal issues:**

   a) Whether the underlying complaints state an "occurrence" resulting in "property damage" that is not otherwise subject to a policy exclusion.

   b) Whether Maxim timely notified Westfield of the underlying lawsuits.

5. **Principal factual issues:**

   1. Whether there was an "occurrence" which required notice, and if so, whether Maxim gave notice to Westfield of the "occurrences" which form the basis for the underlying suits "as soon as practicable."

   2. Whether there was a "suit" alleging an "occurrence" which required notice, and if so, whether Maxim gave notice to Westfield of the underlying "claim[s] or suit[s]" "as soon as practicable."

   3. Whether there was a "suit" alleging an "occurrence" which required notice, and if so, when Maxim sent to Westfield "copies of any demands, notices, summonses or legal papers received in connection with the" underlying suits.

   4. Whether the construction work at issue in the underlying suits was "entirely the result of work performed on [Maxim's] behalf by a subcontractor," as required as a condition to coverage under subparagraph F.(1). of the "Damage to Your Work" provided by endorsement form no. AC-132 (1-90), if it is proven that this endorsement was contained in the Westfield policies in effect from January 2013 to January 2016.

6. **List of pending motions and brief summary of bases for motions:**

   None.

7. **Description of discovery requested and exchanged.**

No discovery has been requested or exchanged.

8. **Type of discovery needed:**

The parties anticipate that limited written discovery will be needed to address the issues identified above. Depending upon the disclosures made in written discovery, very limited oral discovery may be required.

9. **Proposed dates for Rule 26(a)(1) disclosures, fact discovery completion, expert discovery completion (including dates for the delivery of expert reports), filing of dispositive motions, filing of a final pretrial order:**

The parties proposed 30 days from the entry of this Court's Order for Rule 26(a)(1) disclosures, 90 days thereafter for written discovery and a status date soon thereafter to determine an oral discovery schedule, if necessary, or a dispositive motion schedule if not. There would appear to be no need for experts in this case and the need for a trial is extremely unlikely.

10. **Estimation of when case will be ready for trial:**

The parties anticipate that this case will be resolved on dispositive motions as a matter of law and that no trial will be required.

11. **Probable length of trial:**

Not applicable.

12. **Whether a request has been made for a jury trial:**

None.

13. **Whether there have been settlement discussions and if so the outcome of those discussions:**

There have been settlement discussions with regard to the underlying cases. No settlement

discussions regarding the coverage issues has been undertaken, and the parties do not believe that such discussions would be fruitful prior to a determination of the duty to defend.

**14. Whether the parties consent to proceed before a Magistrate Judge:**

No.

| | |
|---|---|
| David S. Osborne (#6237821)<br>Christopher J. Pickett (#6287096)<br>Avery K. Gordon (#6319201)<br>Alex P. Blair (#6212366)<br>**Lindsay, Rappaport & Postel, LLC**<br>10 S. LaSalle Street, Suite 1301<br>Chicago IL 60603<br>312-629-0208<br>dosborne@lrplawfirm.com<br>cpickett@lrplawfirm.com<br>agordon@lrplawfirm.com<br>ablair@lrplawfirm.com | By: ___/s/ David S. Osborne<br>Bar Number: 6237821<br>*Attorney for Plaintiff, Westfield Insurance Company* |
| Keith G. Carlson<br>Carlson Law Offices<br>2 N. LaSalle Street, Suite 1800<br>Chicago, IL 60602<br>312-627-1212<br>keith@carlson-law-offices.com | By: __/s/ Keith G. Carlson<br><br>*Attorney for Defendant, Maxim Construction Corporation, Inc.* |
| Christopher J. Murdoch<br>Holland & Knight, LLP<br>131 S Dearborn Street Suite 3000<br>Chicago, IL 60603<br>312-627-1212<br>chris.murdoch@hklaw.com | By: __/s/ Christopher J. Murdoch<br><br>*Attorney for Defendant, City of Crystal Lake* |

**CERTIFICATE OF SERVICE**

I, David S. Osborne, certify that on April 11, 2016, I electronically filed a Joint Initial Status Report with the Clerk of the Court using the CM/ECF system, which will send notification to counsel of record listed below:

*Attorney for Maxim Construction Corporation, Inc.*
Keith G. Carlson
Carlson Law Offices
Two N. LaSalle Street, Suite 1800
Chicago, IL  60602
Phone:  312-627-1212
Fax:
Email:  kcslaw@aol.com


*Attorney for City of Crystal Lake*
Christopher J. Murdoch
Holland & Knight, LLP
131 S. Dearborn, 30th Floor
Chicago, IL  60603
Phone:  312-578-6641
Fax: 312-578-6666
Email:  chris.murdoch@hklaw.com


By: /s/ David S. Osborne