IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY | ) | |
|                                   *Plaintiff*, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| MAXIM CONSTRUCTION CORPORATION, INC., | ) | No. 15 cv 9358 |
| the CITY OF CRYSTAL LAKE, ENVIROGEN | ) | |
| TECHNOLOGIES, INC., and the LAKE COUNTY | ) | |
| PUBLIC WATER DISTRICT | ) | |
| | ) | |
|                                   *Defendants*. | ) | |

## THIRD MOTION TO EXTEND TIME TO FILE AMENDED PLEADINGS

Now comes the Plaintiff, Westfield Insurance Company ("Westfield"), by and through its attorneys, David S. Osborne and Lauren E. Rafferty of Lindsay, Rappaport & Postel, LLC, and for its Third Motion to Extend the Time to File Amended Pleadings, states as follows:

1.    On two previous occasions, Westfield requested an extension of time to amend its complaint. [Doc. 49 & 53]

2.    On November 18, 2016, this Court granted Westfield's motion and gave Westfield leave to file its amended complaint by January 13, 2016. [Doc. 52].

3.    Westfield requested additional time because the underlying case (14-cv-2090) is nearing a conclusion, with a final default judgment against Maxim Construction Corporation, Inc. ("Maxim") and in favor of the City of Crystal Lake ("Crystal Lake") expected in the near term.

4.    On December 13, 2016, the Honorable Amy J. St. Eve entered an Order in the underlying case denying Maxim's FRCP 60(b) motion to vacate or amend the previous default judgment orders entered against it and in favor of Envirogen and Crystal Lake, respectively. (Order of December 13, 2016, in case no. 14-cv-2090 is attached as Exhibit A).

5.     On January 6, 2017, Judge St. Eve further ordered Crystal Lake to provide more detailed information in support of its claim with respect to the proper amount of damages which should be awarded Crystal Lake. (Order of January 6, 2017, in case no. 14-cv-2090 is attached hereto as Exhibit B).

6.     No final judgment has yet been entered in the underlying matter and will likely not be entered until at least February 6, 2016, when the case is set for a status conference. (Order of December 16, 2016, in case no. 14-cv-2090 is attached hereto as Exhibit C).

7.     As the instant declaratory judgment action involves a dispute over insurance coverage owed or not owed to Maxim in the underlying case and whether Westfield's policy of insurance covers any judgment against Maxim, Westfield requires that final judgment before it can amend its complaint. *See, e.g., Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006) ("a dispute about an insurer's duty to indemnify generally is not ripe for decision until the insured has been called on to pay—for until then the precise ground of liability, and thus the relation of the insured's liability to the policy's coverage and exclusions, is uncertain").

8.     As such, Westfield requests that this Honorable Court grant leave to Westfield to amend its complaint by March 6, 2016.

WHEREFORE, the Plaintiff, Westfield Insurance Company, prays that this Honorable Court enter an order granting it leave to file an amended complaint by March 6, 2016, and for such other and further relief as this Court deems fair and just under the circumstances.

> Respectfully submitted,
> LINDSAY, RAPPAPORT & POSTEL, LLC
>
>
> By: /s/ Lauren E. Rafferty
>      Attorney for Westfield Insurance Company

David. S. Osborne
Lauren E. Rafferty
LINDSAY, RAPPAPORT & POSTEL, LLC
10 S. LaSalle St., Suite 1301
Chicago, Illinois 60603
Tel: (312) 995-7903
Fax: (312) 629-1404
Firm No. 44512
dosborne@lrplawfirm.com
lrafferty@lrplawfirm.com