**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| WESTFIELD INSURANCE COMPANY | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | No. 15-CV-09358 |
| MAXIM CONSTRUCTION CORPORATION, INC., | ) | |
| the CITY OF CRYSTAL LAKE, ILLINOIS, | ) | |
| ENVIROGEN TECHNOLOGIES, INC., and the LAKE | ) | |
| COUNTY PUBLIC WATER DISTRICT, | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANT MAXIM'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES the Defendant, MAXIM CONSTRUCTION CORPORATION, INC., by its attorneys, CARLSON LAW OFFICES, and for its Reply in Support of its Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56, states as follows:

**INTRODUCTION**

Once again, WESTFIELD seeks to avoid a finding of a duty to defend, which it has sought to avoid by filing this litigation. It initiated a declaratory judgment action without defending its insured, causing its insured to incur incredible financial hardship in facing monumental defense fees for this claim involving alleged property damage clearly covered by the WESTFIELD policy, as it has belatedly recognized.

Because of WESTFIELD's abandonment, MAXIM's attorneys were forced to withdraw from the lawsuit for lack of payment. While MAXIM was fighting this declaratory judgment

1

action, it was able to force WESTFIELD to acknowledge its duty to defend and offer defense counsel. However, WESTFIELD sought to control the defense with its reservation of rights by first attempting to hire its panel counsel, evidencing its continuing bad faith efforts to drive MAXIM into bankruptcy, hopefully precluding any further duty to defend.

MAXIM is now on the precipice of a catastrophe caused by WESTFIELD, which will be the subject of further pleading of breach of contract and statutory bad faith. Incredibly, WESTFIELD has now sought a third extension of time to only citing the eminent default judgment that might be entered against MAXIM, because WESTFIELD had abandoned its insured by avoiding its duty to defend, which this Motion seeks to establish.

It is true that MAXIM initially did not want to file a response because of the clear and eminent finding of a duty to defend after MAXIM filed a Motion for Summary Judgment. While WESTFIELD claims it has tendered payments of defense costs, it is not paid the fees owed as shown by the multiple efforts of MAXIM to obtain payment of past defense fees. Without a finding of a duty to defend, WESTFIED might abandon its insured at any time. Therefore, this action to declare the rights under the policy – instituted by WESTFIELD then incredibly declared moot by them – is clearly is not moot based on both the facts and WESTFIELD's failure to cite any case law in support of its flawed logic. In fact, WESTFIELD's complaint for declaratory judgment specifically still alleges that it has no duty to defend and does not acknowledge a duty to defend, making it clear that this Motion seeking a finding of a duty to defend is not moot. If it were moot, WESTFIELD would not be arguing in this motion that there is no duty to defend and would have fully lifted its numerous and untenable reservations of rights, still imposed on its insured, MAXIM.

## I. MAXIM'S MOTION FOR SUMMARY JUDGMENT
## IS NOT MOOT

Once again, WESTFIELD argues that its partial payment excuses its failure to defend, even though catastrophic consequences are about to fall upon MAXIM. The pleadings filed by WESTFIELD, as they currently stand in front of this Court, seek a finding of no duty to defend. Although WESTFIELD is currently defending MAXIM under a reservation of rights, WESTFIELD could withdraw this defense and abandon MAXIM once more at any time. With a finding of a duty to defend, WESTFIELD would be precluded from abandoning MAXIM in the litigation and in the potential appeals in the underlying cases which are direct consequences of its failure to provide a defense. WESTFIELD cites *Continental Garden of Miami v. Clariden America* as support for its argument that this issue is moot, but that case involved payment of the coverage limit. Here, there is a current dispute since WESTFIELD continues to assert there is no potential coverage and there remains a dispute over the prior fees that have not been paid in full.

If, as WESTFIELD states in its Response, it has voluntarily paid <u>all</u> defense fees and costs at issue and "has accepted MAXIM's tender of defense," then it is true that the entire issue is moot and WESTFIELD should support this claim by simply withdrawing its complaint for declaratory judgment. Of course, it has not withdrawn its complaint because 1) WESTFIELD has not voluntarily paid all defense costs due MAXIM; 2) MAXIM has not acknowledged and accepted WESTFIELD's payments in full as they have not been made in full; and 3) WESTFIELD has not "accepted MAXIM's tender" but instead is defending under a full reservation of rights.

MAXIM hired two separate firms, one to represent it in the *City of Crystal Lake* lawsuit filed in state court (Leahy, Eisenberg, and Fraenkel ("LEF")) and a second firm to represent it in the *Envirogen* suit filed in federal court (McDermott Will and Emory ("MWE")). The *Envirogen*

3

case was filed on March 24, 2014, long before the *City of Crystal Lake* Case was filed on June 25, 2015. LEF, appearing for MAXIM on the *City of Crystal Lake* case also represented MAXIM in other matters and assisted MWE on the *Envirogen* case in an effort to control costs.

WESTFIELD has made only partial payments and has done so only after numerous demand letters sent by MAXIM. WESTFIELD has indeed paid all defense costs to LEF which represented MAXIM chiefly in the *Crystal Lake* state court case for time incurred since the filing of the *City of Crystal Lake* lawsuit on June 26, 2015. However, as WESTFIELD is aware, these payments include charges by LEF incurred in assisting MWE in the *Envirogen* case, and these charges were incurred as early as July 8, 2015. However, WESTFIELD's "voluntary" payments for costs incurred by MWE have been made only for charges incurred by MWE since the time of the City of Crystal Lake filing its cross-claim in the *Envirogen* federal lawsuit, December 2, 2015. Inexplicably, WESTFIELD has found it fit to pay charges incurred by LEF in the *Envirogen* suit back to July, 2015, but limited reimbursement of the fees incurred by MWE in the same case to those incurred starting on December 2, 2015. As stated in WESTFIELD's Response on page 3, MAXIM does indeed believe that WESTFIELD should pay its defense fees and costs incurred in the *Envirogen* suit prior to the filing of Crystal Lake's cross-claim and so does WESTFIELD as it has paid the fees that the LEF firm incurred in assisting MWE in defense of that case.

WESTFIELD's conduct of paying for fees incurred to defend MAXIM in the *Envirogen* suit back to July, 2015, constitutes a waiver of its belated argument that it does not also owe reimbursement of the defense fees of the MWE firm as well in that case prior to December 2, 2015, and back to July, 2015. Incidentally, WESTFIELD also contradicts its unsupported mootness argument. In *State Farm Mutual Automobile Ins. Co. v. Gray*, 211 Ill.App.3d 617, 626-27, 570 N.E. 2d 472 (1st Dist. 1991), the Court held:

4

> "Yet, an insurer may waive a policy defense by continuing under a policy when it knows, or in the exercise of ordinary diligence, could have known the facts in question giving rise to the defense (citation omitted). A waiver consists of a voluntary intentional relinquishment by the insurer of a known right and may be express or implied, arising from the acts, words, conduct, or knowledge of the insurer (citations omitted). Strong proof is not required to establish a waiver of a policy defense, but only such facts as would make it unjust, inequitable or unconscionable to allow the defense to be asserted (citation omitted).

By paying the fees of one firm back to July 5, 2015, but not the other for the same lawsuit, WESTFIELD has clearly waved any argument that it does not owe any fees before December 2, 2015.

## II. THE COURT SHOULD RULE ON THE SUBSTANCE OF MAXIM'S MOTION BECAUSE THE DUTY TO DEFEND IS MUCH BROADER AND ENCOMPASSES THE DUTY TO INDEMNIFY

Incredibly, WESTFIELD next argues that the court should not rule upon the motion because damages are likely to be awarded against MAXIM because of WESTFIELD's conduct. WESTFIELD takes the outrageous position that only once there is a catastrophic judgment imposed on MAXIM are the issues raised in its Complaint for Declaratory Judgment ripe for adjudication. It argues that it only makes sense to address these issues in the future once the damages against MAXIM are set in the underlying cases. This is very convenient for WESTFIELD as it will then assert there is no coverage for any indemnity, indemnity which only occurred under motions to default MAXIM because of WESTFIELD's failure to recognize its existing duty to defend at the time that litigation was tendered. This makes it all the more important to establish that a duty to defend exists which might prevent the eminent catastrophe upon MAXIM in the underlying litigation caused by WESTFIELD's conduct. This argument clearly belies WESTFIELD's claim that somehow this issue is not ripe when it is past ripeness and to the point of being spoiled.

5

These issues before the court are ripe, regardless of the status of any damages against MAXIM, as a judgment on the duty to indemnify has no bearing on the WESTFIELD's duty to defend MAXIM. It is well established in Illinois that an insurer's duty to defend is much broader than its duty to indemnify. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 394, 620 N.E.2d 1073, 1079 (1993). It is equally well-established that the duty to indemnify cannot exist if there is no duty to defend. *Steadfast Ins. Co. v. Caremark Rx, Inc.*, 359 Ill. App. 3d 749, 762, 835 N.E.2d 890, 901 (1st Dist. 2005). Therefore, at this summary judgment stage, if this court were to hold that there is no duty to defend MAXIM, then WESTFIELD could never have a duty to indemnify, making the question of the duty to defend absolutely ripe. Conversely, if it is found that there is a duty to defend, WESTFIELD cannot shirk its duty to indemnify without further litigation, which it seeks to do. What is more, the relief WESTFIELD seeks by further delaying a ruling on this motion for summary judgment is no relief at all as this court cannot find a duty to indemnify without first deciding the duty to defend. This delaying tactic only serves to prejudice MAXIM, which, inexplicably, has been the goal of WESTFIELD from the onset of this litigation, litigation hurriedly initiated by WESTFIELD that it now seeks to continuously delay by incorrect and contradictory claims that it is not ripe.

### III. WESTFIELD HAS A DUTY TO DEFEND MAXIM IN THE *ENVIROGEN* CASE PRIOR TO THE FILING OF CRYSTAL LAKE'S CROSS-CLAIM

WESTFIELD desperately attempts to convince this court to excuse its bad faith behavior by rebutting arguments that MAXIM has not even advanced. With respect to the issue of alleged uncovered patent claims, WESTFIELD must defend its insured if any of the claims are potentially covered. See *Illinois Tool Works, Inc. v. Travelers Casualty & Surety Co.*, 2015 IL App (1st) 132350 (¶44…"When liability insurer has duty to defend against one claim in a suit, it has a duty

to defend against all claims, even if come claims standing alone would be beyond the scope of the policy.").

There is no issue of late notice, or not certainly the question of fact. WESTFIELD makes two contradictory arguments. First, it argues it had no duty to defend prior to the filing of Crystal Lake's cross-claim and also asserts that the prior pleadings involved a patent infringement claim which are not covered. It then asserts that there is no coverage because MAXIM failed to notify it of a claim which asserts is not covered anyway. WESTFIELD essentially argues there is no duty do defend because MAXIM did not notify it of a claim for which WESTFIELD provided no coverage and therefore did not have a duty to defend – a tautology. If there was a duty to give notice of this claim because it was covered, they would owe fees from the time of filing of the initial lawsuit, fees they have refused to pay, and therefore, it certainly does not entitle WESTFIELD to summary judgment on its own motion arguing there is no coverage prior to the time when MAXIM had provided notice.

WESTFIELD acknowledged it was given notice of the *City of Crystal Lake* lawsuit on or about August 27, 2015. However, it implies – obliquely since it has no cogent argument – that it has no duty to defend MAXIM because it was not provided a copy of the City of Crystal Lake's cross-claim filed on December 2, 2015. Of course, this is irrelevant as the allegations of Crystal Lake's cross-claim allege property damage that stem from the same incident as its claim filed in McHenry County Circuit Court of which WESTFIELD has admitted notice. In particular, paragraph 30 of the facts common to the cross-claim and the counterclaim, the City of Crystal Lake alleges damages to its WTP # 1 and well number 7. (Response, Exhibit B).

WESTFIELD seeks denial of its duty to defend on a claim of late notice made under alleged circumstances for which it acknowledges it has received notice by letter from MAXIM.

7

WESTFIELD's suggestion that MAXIM's alleged failure to provide facts already in WESTFIELD's possession obviates coverage is contrary to Illinois law. Once MAXIM has given notice of the claim and the lawsuit, there is no requirement for it to be given notice of every pleading in the lawsuit, which was equally available to WESTFIELD on Pacer. Indeed, such a claim falls within Illinois "true but unpleaded" facts doctrine. "Where the 'true but unpleaded facts' doctrine has been applied to show that an insurer had the duty to defend, the extraneous facts possessed by the insurer and known to be true were facts the insurer discovered during its own investigation of the underlying action." *Am. Econ. Ins. Co. v. DePaul Univ.*, 383 Ill. App. 3d 172, 181, 890 N.E.2d 582, 590 (1st Dist. 2008). Here, in the instant case, WESTFIELD knew of the facts underlying the cross-claim, even if unpleaded in that claim or not advanced to WESTFIELD by MAXIM because it was well aware of Crystal Lake's allegations from the letter of tender, so aware in fact that it filed this Declaratory Judgment Complaint on October 22, 2015 – two months before Crystal Lake's cross-claim.

The 'true but unpleaded facts' doctrine also defeats WESTFIELD's claim that the *Envirogen* suit did not allege "Property Damage" caused by an "Occurrence." That suit did not have to allege these claims in order to a duty to defend to affix. WESTFIELD was well aware as of the August 27, 2015, tender letter from MAXIM that the *Crystal Lake* and *Envirogen* cases each arose from the same set of operative facts. Had Envirogen not failed in its duty to MAXIM and the City of Crystal Lake in the construction contract from which this entire matter stems, Crystal Lake's property would not have been damaged and there would be no need to tender anything to WESTFIELD. WESTFIELD is well aware of this fact and has been since at least August, 2015.

WHEREFORE, Defendant, MAXIM CONSTRCUTION CORPORATION, INC., respectfully requests that this Honorable Court rule that Plaintiff WESTIFLED INSURANCE

8

COMPANY has a duty to defend it against the allegations made against it in the matter captioned *City of Crystal Lake v. Maxim Construction Corporation, Inc., et al.,* Cause No. 15LA199 in The Circuit Court of the 22nd Judicial Circuit McHenry County, Illinois and *Envirogen Technologies Inc. v Maxim Construction Corporation, Inc. et al.*, Cause No. 1:14-cv-02090 in The United States District Court for the Northern District of Illinois, Eastern Division. MAXIM CONSTRCUTION CORPORATION, INC. also requests that this Court enter judgement against WESTFIELD for the total amount of its defense cost incurred.

Respectfully submitted,

/s/ Keith G. Carlson
KEITH G. CARLSON

Keith G. Carlson
CARLSON LAW OFFICES
Two N. LaSalle Street
Suite 1800
Chicago, IL 60602
312-627-1212
Attorney No. 6194752
keith@carlson-law-offices.com

**Certificate of Service**

I hereby certify that on January 23, 2017, I electronically filed Defendant, MAXIM CONSTRUCTION CORPORTION, INC's. REPLY IN SUPPORT OF ITS PARTIAL MOTION FOR SUMMARY JUDGMENT with the Clerk of Court using the ECF system which sent notification of such filing to Filing Users in this matter.

By: /s/ Keith G. Carlson