**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WESTFIELD INSURANCE COMPANY | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| MAXIM CONSTRUCTION CORPORATION, INC. | ) | No. 15 cv 9358 |
| and the CITY OF CRYSTAL LAKE, | ) | |
| | ) | |
| *Defendants*. | ) | |

**WESTFIELD'S MOTION FOR LEAVE TO FILE AN OVERSIZE MEMORANDUM OF
LAW AND STATEMENT OF FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Now comes the Plaintiff, Westfield Insurance Company ("Westfield"), by and through its

attorneys, David S. Osborne and Lauren E. Rafferty of Lindsay, Pickett, Rappaport & Postel, LLC,

and for its motion for leave to file a memorandum of law in support of its motion for summary

judgment in excess of 15 pages and a statement of material facts in excess of 80 paragraphs,

pursuant to Local Rules 7.1 and 56.1(a), states as follows:

1.      Westfield files contemporaneously herewith a motion for summary judgment in this

matter, and hereby seeks leave to file an oversize a memorandum in support of said motion and

oversize statement of material facts in support (Copies of Westfield's proposed memorandum and

statement of facts are attached hereto as Exhibits A and B, respectively).

2.      In advance of filing said documents, Westfield now requests leave from the court

to file a memorandum of law in support of its motion in excess of the 15-page limit imposed by

Local Rule 7.1 and a statement of material facts in excess of the 80-paragraph limit imposed by

Local Rule 56.1(a).

3.      Westfield's proposed memorandum of law requires a lengthy discussion of facts,

given the history among the parties and the lengthy history in the three underlying cases that gave rise to this declaratory judgment action.

4.      Westfield's proposed memorandum of law necessarily includes those detailed histories, along with arguments to address each separate question presented by the pleadings, including the following:

- The duty to defend Maxim in the underlying *Envirogen* case prior to the filing of Crystal Lake's cross-claim, including:
    - Coverage for patent infringement claims
    - Whether the claims allege "property damage" caused by an "occurrence"
    - Late notice
    - Waiver
- The duty to defend Maxim in the underlying *Crystal Lake* suit, including an accounting of the defense fees paid by Westfield.
- Maxim's assertion of a conflict of interest in its defense.
- The duty to indemnify Maxim for the default judgments in the *Envirogen* suit.
- The duty to defend Maxim's appeal from the *Envirogen* judgment.
- The duty to procure an appeal bond on Maxim's behalf.
- Westfield's suspension of any duty to defend by seeking a declaratory judgment.
- Maxim's claim for damages under Section 155 of the Illinois Insurance Code.

5.      Each of these questions requires a separate factual and legal argument to fully apprise the Court of the issues and law involved and to properly address each of the outstanding claims in the case, so that any ruling on this motion would truly dispose of the entire case.

6.      Likewise, Westfield's proposed Local Rule 56.1(a) statement of facts requires a description of each of the three underlying cases; the tenders of defense from Maxim; Westfield's payments of defense fees (including voluminous correspondence concerning the same); the two default judgments entered against Maxim (including the motions and Court orders associated with the judgments); and the insurance policy language at issue.

7.      In order to properly address each remaining issue in the case such the Court could dispose of the entire case, Westfield now requests leave to file a memorandum of law in support of its motion for summary judgment totaling 41 pages and a Local Rule 56.1(a) statement of facts

totaling 81 paragraphs.

WHEREFORE, Westfield Insurance Company requests that the Court enter an Order granting it leave to file a 41-paged memorandum of law in support of its motion for summary judgment and a rule 56.1 statement of facts totaling 81 paragraphs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,
LINDSAY, PICKETT, RAPPAPORT & POSTEL, LLC

By: /s/ David S. Osborne

David. S. Osborne
Lauren E. Rafferty
LINDSAY, PICKETT, RAPPAPORT & POSTEL, LLC
10 S. LaSalle St., Suite 1301
Chicago, Illinois 60603
Tel: (312) 995-7903
Fax: (312) 629-1404
dosborne@lprp-law.com
lrafferty@lprp-law.com
*Attorneys for Plaintiff/Counterdefendant*
*Westfield Insurance Company*

**CERTIFICATE OF SERVICE**

I, ***David S. Osborne***, certify that on **May 5, 2017**, I electronically filed ***Westfield's Motion for Leave to File an Oversize Memorandum of Law and Statement of Material Facts in Support of its Motion for Summary Judgment*** with the Clerk of the Court using the CM/ECF system, which served a copy of the foregoing upon counsel of record.

By: <u>/s/ David S. Osborne</u>